James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE PARKIN, and DAVID HUGHES, individually and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | |
| vs. | **CLASS ACTION COMPLAINT** <br> **and JURY DEMAND** |
| AVIS RENT A CAR SYSTEM, LLC, BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET GROUP, INC. | |
| Defendants. | |

Plaintiffs Jane Parkin ("Parkin") and David Hughes ("Hughes"), individually and on behalf of all others similarly situated, by and through undersigned counsel, file this Complaint against, Avis Rent a Car System LLC ("Avis"), Budget Rent A Car System Inc. ("Budget"), and Avis Budget Group Inc. ("Avis/Budget") as follows.

## NATURE OF THE ACTION

1. This action concerns the business practices of the Defendants, whereby Defendants have extracted millions of dollars from consumers, through an unfair and deceptive self-enrichment scheme. Defendants, in order to increase sales and income by inducing rentals from foreign residents, misrepresent that as part of the rental of Defendants' vehicles, the Defendants would provide excess third-party liability insurance coverage, also known as Additional Liability

Insurance ("ALI") or Supplemental Liability Insurance ("SLI"), through coverage obtained by Defendants from authorized third-party insurance carriers. However, sums paid by Plaintiffs and the Class Members for said coverage are not remitted to the third-party insurance carriers; no such promised legal ALI/SLI policies are obtained by the Defendants; and Defendants retain those sums as unauthorized profits.

2.      Defendants' representations regarding the providing of the ALI/SLI policies from authorized insurers, creates in a reasonable consumer the false impression that the ALI/SLI coverage will be provided as part of the rental of Defendants' vehicles. Meanwhile, Defendants' pocket all of the premiums or charges paid by Plaintiffs and Class Members as a hidden profit center for Defendants which is undisclosed to consumers.

3.      Defendants have organized a scheme to defraud consumers and increase revenues. The conduct alleged herein is a systematic pattern of conduct that has occurred not just in New Jersey but at Defendants' locations throughout the country. This practice has allowed Defendants to profit at the direct expense of consumers, including Plaintiffs and Class Members.

4.      Plaintiff Hughes is a subject of the United Kingdom who rented vehicles from Budget in Boston, Massachusetts for the period September 28, 2017 - October 1, 2017; in Sarasota, Florida for the period April 3, 2018 - May 5, 2018; and in Tampa, Florida for the period October 13, 2019 - November 11, 2019. In renting the vehicles, Hughes paid for ALI/SLI to be provided by an authorized third-party insurer but the Defendants failed to provide the promised coverage.

5.      Plaintiff Parkin is also a subject of the United Kingdom who rented vehicle from Budget in Boston, Massachusetts for the period September 16, 2016 - September 23, 2016. In renting the vehicle, Parkin paid for ALI/SLI to be provided by an authorized third-party insurer but Defendants failed to provide the promised coverage.

6.      Defendant Avis is organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey.  Upon information and belief, Avis/Budget is the sole or primary member of Avis.  Avis is registered with the State of New Jersey and is authorized to conduct business in the State of New Jersey. Avis maintains car-rental offices throughout New Jersey, the United States and the world, including a rental office at 1422 Route 70 East, Pine Tree Plaza, Cherry Hill, New Jersey 08034.

7.      Defendant Budget is organized and existing under laws of the State of Delaware, with its principal place of business in New Jersey. Budget is registered with the State of New Jersey and is authorized to conduct business in the State of New Jersey. Budget maintains car-rental offices throughout New Jersey, the United States and the world, including a rental office at 1422 Route 70 East, Cherry Hill, New Jersey 08034..

8.      Defendant Avis/Budget is organized and existing under the laws of the State of Delaware, with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey. Avis/Budget is registered with the State of New Jersey and is authorized to conduct business in the State of New Jersey. Avis/Budget maintains car-rental offices throughout New Jersey, the United States and the world.

9.      Notwithstanding separate corporate existence, Avis/Budget, Avis and Budget have combined operations, and at all times material to this litigation, Avis/Budget actively directed and controlled the daily activities of Avis and Budget and totally dominated it, to the extent that Avis and Budget manifested no separate corporate interests of its own and functioned solely to achieve the purposes of Avis/Budget.

10.     Budget is a wholly owned subsidiary of Avis/Budget and Avis, Budget and Avis/Budget share the same operational and administrative infrastructure.

11.     At all times material hereto, Defendants acted in concert with each other, intended to and did participate in the events, practices and courses of conduct alleged herein, and were the proximate cause of damages and injury to Plaintiffs and Class Members.

12.     At all times material hereto, the operations of Avis/Budget, Avis and Budget were integrated and each actively participated in the business practices about which Plaintiffs complain.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because Plaintiffs Parkin and Hughes are members of the putative Classes, they are subject of a foreign state different from the citizenship of the Defendants, and the amount in controversy exceeds $5 million exclusive of interest and costs.

14.     This Court has jurisdiction over Defendants because they maintain their corporate headquarters and principal place of business in this District; they do substantial business in this District; and they have registered with the State of New Jersey to conduct business in this District.

15.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1) and (2), as acts or omissions giving rise to Plaintiffs' claims occurred in this District, Defendants maintain and oversee agents or representatives in this District, and Defendants have conducted business activities in this District at all times material hereto.

## FACTUAL ALLEGATIONS

16.     Plaintiffs rented Defendants' vehicles in the United States. Defendants fraudulently misrepresented that the rentals included ALI/SLI coverage to be provided by third-party authorized insurers and such ALI/SLI coverage was not provided.

17.     Plaintiffs and most Class members are non-American citizens who procured rental cars in their home country from Defendants for use in the United States for personal or business

purposes.  The usual and customary method that Class members would be to purchase a car rental, collision damage waiver and ALI/SLI coverage as a package for a single price.

18.     The form agreement memorializing Plaintiffs' and Class members' car rental transactions represented that Defendants would procure ALI/SLI coverage from a third-party insurer as part of the rental transaction.  In fact, it was Defendants' corporate policy to *not* obtain such coverage for their customers, notwithstanding the fact that such policies are readily available in the market and other car rental companies regularly obtain ALI/SLI insurance policies for their own customers as part of similar packages.

19.     Rather than obtaining ALI/SLI insurance policies for their customers, in the event that a customer was involved in an accident in which the customer was liable to a third party, as a matter of corporate policy, Defendants would indemnify the customer for that liability.  In essence, Defendants were acting as an illegal, unauthorized insurance company.

20.     However, the aforesaid corporate policy was not contained in any applicable rental agreement binding upon Defendants.  Rather, it was dependent upon Defendants' willingness to live up to its moral obligation to indemnify its customers for liability to injured third parties.

21.     Defendants rationalized their policy that they never intended to procure ALI/SLI policies on the basis that Defendants did not charge their customers for ALI/SLI insurance as part of their rental package.  That rationalization was itself false, because Defendants based the price for their rental packages for car rental, collision damage waiver and ALI/SLI insurance at the same price as their competitors charged for the same package at the same location, except that the competitors actually provided the ALI/SLI insurance.

22.     In other words, Defendants represented to customers that they were selling a rental package including car rental, collision damage waiver and ALI/SLI insurance and charging the

same price as their competitors were charging for a rental package including car rental, collision

damage waiver and ALI/SLI insurance, but without providing the ALI/SLI insurance.  This is the

same as two fast food restaurants offering meal combinations with a hamburger, French fries and

a drink and charging the same price for the combo, but one of the restaurants not providing the

drink and claiming that it never charges for drinks because it doesn't sell drinks.

## CLASS ALLEGATIONS

23.     This Complaint is brought as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2)

and (b)(3).

24.     Plaintiffs bring this action on behalf of the following Classes:

> All renters who rented a vehicle from Defendants in the United States where
> such rental contracts included an ALI/SLI policy to be provided by authorized
> third-party insurance carriers but such a policy not provided by Defendants
> ("National Class")

> All renters who rented a vehicle from Defendants in the State of Florida where
> such rental contracts included an ALI/SLI policy to be provided by authorized
> third-party insurance carriers but such a policy was not provided by Defendants
> ("Florida Class")

> All renters who rented a vehicle from Defendants in the State of Massachusetts
> where such rental contracts included an ALI/SLI policy to be provided by
> authorized third-party insurance carriers but such a policy was not provided by
> Defendants ("Massachusetts Class")

25.     Excluded from the Classes are the Defendants, its officers, employees, agents and

affiliates ("excluded persons"), their subsidiaries, legal representatives, heirs, successors and

assigns.

26.     Although the precise number of Class Members in the Classes is unknown to

Plaintiffs at this time and can only be determined by appropriate discovery, Plaintiffs are informed

and believe that the Classes of persons affected by Defendants' unlawful acts consist of thousands

of people, and are so numerous that joinder of Class Members is impracticable. Thus, the numerosity requirement under Rule 23(a)(1) is satisfied.

27.     The unlawful business practices alleged herein were standardized, uniform practices employed by Defendants that resulted in unlawful and deceptive sales of promised ALI/SLI policies to thousands of the Class Members because Defendants collected and pocketed sums paid by Plaintiffs and Class Members for the promised ALI/SLI policies. In doing so, the Defendants deceptively, unfairly and uniformly breached their contracts with Plaintiffs and all Class Members.

28.     Plaintiff Hughes is a member of the National Class, the Massachusetts Class and the Florida Class and Plaintiff Parkin is a member of the National Class and Massachusetts class. Their claims are typical of the claims of the Class Members and they will fairly and adequately protect the interests of the Class Members. Plaintiffs' interests are coincident with and not antagonistic to those of the other Class Members. Plaintiffs are subject to the same material affirmative defenses and are stating the same claims as all Class Members, such that Rule 23(a)(3) and (4) is satisfied.

29.     The Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole pursuant to Rule 23(b)(2).

30.     Pursuant to Rule 23(b)(3), the class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class Members' claims in one forum since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, damages suffered by individual Class Members may be small, their interest in maintaining separate actions

is questionable and the expense and burden of individual litigation makes it impracticable for them

to seek individual redress the wrongs done to them. Plaintiffs know of no difficulty that would be

encountered in the management of this case that would preclude its maintenance as a class-action.

31.     There exist numerous common questions of law in fact in this action within the

meaning of Fed. R. Civ. P. 23(a)(2), which predominate over any questions affecting only

individual Class Members within the meaning of Rule 23(b)(3).

32.     Common questions of law and fact include, but are not limited to:

a.      Whether Defendants breached contracts to procure ALI/SLI policies;

b.      What portion of the rental charges paid by Plaintiffs and the Class Members should
        be reimbursed because of the Defendants failure to procure ALI/SLI;

c.      Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act,
        Fla. Stat. §501.201 *et. seq*.; and

d.      Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive or
        other equitable relief to require Defendants in the future to comply with the
        applicable law in connection with the purported sale and maintenance of ALI/SLI
        policies.

33.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that:

a.      The questions of law and fact, to members of the Classes predominate over any
        questions affecting an individual member.

b.      A class-action is superior to other available methods for the fair and efficient
        adjudication of the controversy.

34.     Finally, Certification of the Classes under Rule 23(b)(2) is also appropriate in that

Defendants have acted and refuse to act on grounds generally applicable to the Classes by engaging

in a common course of conduct of fraudulently promising to provide the Class Members with

ALI/SLI policies from authorized third-party insurance carriers, thereby making appropriate final

injunctive relief for declaratory relief with respect to the Classes as a whole.

## COUNT I
## BREACH OF CONTRACT
### (On behalf of National, Florida and Massachusetts Classes)

35.     Paragraphs 1 – 34 are hereby incorporated by reference.

36.     Plaintiffs and Class Members entered into rental contracts with Defendants, whereby Plaintiffs and Class Members paid for ALI/SLI coverage to be provided by authorized third-party insurance carriers. Notwithstanding Defendants' promise to provide said coverage and the Plaintiffs and Class Members payment for such coverage, said coverage was not provided.

37.     The Defendants' failure to procure ALI/SLI policies from authorized third-party insurance carriers constitutes a breach of the individual rental contracts entered into between Plaintiffs, the Class Members and Defendants.

38.     Because of the Defendants' breach, Plaintiffs and Members of the National, California, Florida and Massachusetts Classes suffered harm in the form of the payment for the ALI/SLI coverage which was not provided.

## COUNT II
## FRAUDULENT MISREPRESENTATION AGAINST DEFENDANTS
### (On behalf of National Class)

39.     Paragraphs 1 – 38 are hereby incorporated by reference.

40.     Defendants' deceptive practices as described herein of fraudulently misrepresenting that it will be providing ALI/SLI coverage issued by authorized third-party insurers constitutes a fraudulent misrepresentation.

41.     Defendants' practice is a knowing false statement of material fact with the intention that Plaintiffs and the Class Members purchase the promised ALI/SLI coverage and Plaintiffs and the Class Members acted in reliance upon the misrepresentation by renting Defendants' vehicles and paying for the promised coverage.

9

42.     The harm suffered by Plaintiffs and the Class Members was directly and proximately caused by the fraudulent misrepresentations of Defendants, more fully described herein.

## COUNT III

### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT
### (On behalf of the Florida Class)

43.     Paragraphs 1 - 42 are hereby incorporated by reference.

44.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, §501.201, Fla. Stat., et seq. ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." §501.202(2), Fla. Stat.

45.     Plaintiff Hughes and members of the Florida Class are consumers as defined by §501.203 Fla. Stat.  Defendants are engaged in a trade or commerce within the meaning of the FDUTPA.

46.     Florida Statute §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

47.     Defendants' unfair and deceptive practices as described herein are objectively likely to mislead - and have misled - consumers acting reasonably in the circumstances.

48.     Defendants have violated the FDUTPA by engaging in unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers.

49.     Plaintiff Hughes and consumers in the Florida Class have been aggrieved by Defendants' unfair and deceptive practices and acts of false advertising because in paying the cost of the ALI/SLI policies promised but not delivered by Defendants in connection with the rental of Defendants' vehicles, Plaintiff Hughes and the Florida Class Members have parted with money under false pretenses.

50.     The harm suffered by Plaintiff Hughes and consumers in the Florida Class was directly and proximately caused by the deceptive and unfair practices of Defendants, as more fully described herein.

51.     Pursuant to § 501.211(2) and § 501.2105, Fla. Stat., Plaintiff Hughes and the Florida Class Members make claims for actual damages, attorneys' fees and costs.

52.     Defendants still utilize many of deceptive acts and practices described above and are still secretly retaining money paid for the promised but not delivered ALI/SLI coverage. The Plaintiff Hughes and the Florida Class Members have suffered and will continue to suffer irreparable harm if Defendants continue to engage in such deceptive, unfair and unreasonable practices. Section 501.211(1) entitles the Plaintiff Hughes and the Florida Class Members to obtain declaratory or injunctive relief to put an end to Defendants' unfair and deceptive scheme.

WHEREFORE, Plaintiffs pray for a judgment on behalf of themselves and the Classes:

A.     Certifying the Classes as requested herein;

B.     Awarding actual, direct and compensatory damages;

C.     Awarding restitution and disgorgement of revenues if warranted;

D.     Awarding declaratory relief as permitted by law or equity, including declaring Defendants' practices as set forth herein to be unlawful;

E.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from continuing those unlawful practices as set forth herein, and

directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money that is required to be paid;

F.      Awarding statutory damages, as appropriate;

G.      Awarding attorneys' fees and costs; and

H.      Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all claims so triable.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs


By:    /s/ James E. Cecchi
        JAMES E. CECCHI

Dated: September 9, 2022

Edmund A. Normand
Jacob Lawrence Phillips
Normand Law PLLC
3165 McRory Place, Suite 175
Orlando, Florida 32803
(407) 603-6031

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 SW 57th Avenue, Suite 208
South Miami, Florida 33143
(305) 443-6200