UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANE PARKIN** *et al*, | |
| Plaintiffs, | No. 22-cv-05481 |
| v. | |
| **AVIS RENT A CAR SYSTEM LLC** *et al*, | **OPINION** |
| Defendants. | |

**APPEARANCES**:

James E. Cecchi
CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068

    *On behalf of Plaintiffs.*

Jessica Greer Griffith
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY 10017

    *On behalf of Defendants.*

**O'HEARN, District Judge**

## INTRODUCTION

This matter comes before the Court on Defendants Budget Rent A Car System, Inc. ("Budget") and Avis Budget Group, Inc.'s ("Avis" and collectively with Budget, "Defendants") Motion to Compel Arbitration. (ECF No. 108). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons stated herein, the Court finds that Defendants have waived their right to arbitration and therefore, Defendants' Motion is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiffs rented vehicles from Defendant Budget on multiple occasions between 2016 and 2019. (Compl., ECF No. 1 at ¶¶ 4–5). Plaintiffs allege that as part of their rental transactions, they purchased Supplemental Liability Insurance ("SLI") or third-party liability protection, which they claim Defendants promised would be procured from an authorized third-party insurer. (*Id.* at ¶¶ 4–5, 18). Plaintiffs contend that instead of obtaining third-party insurance coverage as represented, Defendants retained the fees paid for SLI as unauthorized profits and, without disclosure, indemnified renters directly for liabilities. (*Id.* at ¶¶ 1, 19). Plaintiffs argue that this practice violated the terms of their rental agreements and forms the basis of their breach of contract claims. (*Id.* at ¶¶ 35–38).

Defendants assert that Plaintiffs agreed to arbitrate their claims by virtue of the Rental Agreements they signed at the time of their rentals. (Defs.' Mot., ECF No. 108-1 at 5). Each Rental Agreement consisted of a rental document signed at the rental counter and a rental jacket, which contained the terms and conditions, including an arbitration provision. (Hughes Tr., ECF No. 108-3 at 42:14–21; Lopez Decl., ECF No. 108-8 at ¶¶ 3–6). The Arbitration Provision states:

> Dispute Resolution: Except as otherwise provided below, in the event of a dispute that cannot be resolved informally through the pre-dispute resolution procedure, all

> disputes between you and Budget arising out of, relating to or in connection with your rental of a vehicle from Budget and these rental terms and conditions shall be exclusively settled through binding arbitration through the American Arbitration Association ("AAA") pursuant to the AAA's then-current rules for commercial arbitration. There is no judge or jury in arbitration. Arbitration procedures are simpler and more limited than rules applicable in court and review by a court is limited. YOU AND BUDGET AGREE THAT ANY SUCH ARBITRATION SHALL BE CONDUCTED ON AN INDIVIDUAL BASIS AND NOT IN A CLASS, CONSOLIDATED OR REPRESENTATIVE ACTION.

(Rental Agreements, ECF No. 108-10 at 7, ECF No. 108-11 at 11). Defendants argue that this Arbitration Provision is binding on Plaintiffs and precludes them from litigating their claims in federal court. (Defs.' Mot., ECF No. 108-1 at 11–14). Plaintiffs, however, contend that Defendants waived any purported right to arbitration by actively litigating this action for seventeen months. (Pls.' Opp., ECF No. 114 at 18–24).

## II.   PROCEDURAL HISTORY

Plaintiffs filed this putative class action on September 9, 2022, asserting claims related to the alleged failure to provide third-party liability insurance as promised in their rental agreements. (ECF No. 1). On November 14, 2022, Defendants moved to dismiss the complaint under Rule 12(b)(6) but did not raise arbitration as a basis for dismissal. (ECF No. 17). The Court denied the motion in part on June 16, 2023, allowing Plaintiffs' breach of contract claim to proceed while dismissing other claims without prejudice. (ECF Nos. 37–38).

Following the Court's ruling, Defendants filed their answer on June 30, 2023, asserting arbitration as one of thirty-one affirmative defenses for the first time. (ECF No. 42). Defendants also indicated in the Joint Discovery Plan, filed on August 8, 2023, that they reserved the right to move to compel arbitration and stated they were seeking discovery on any agreements to arbitrate. (ECF No. 49). Discovery commenced after the Court's initial scheduling conference on August 15, 2023. (ECF No. 52). Over the next several months, the Parties engaged in extensive discovery,

including depositions and disputes requiring multiple conferences before the magistrate judge. (ECF Nos. 52, 66, 77, 81, 87, 90). The Parties also negotiated and entered a confidentiality order and ESI protocol. (ECF Nos. 57, 68).

Defendants filed the instant Motion to Compel Arbitration on July 22, 2024. (ECF No. 108). Plaintiffs filed their Opposition on August 23, 2024, (ECF No. 114), and Defendants replied on September 9, 2024. (ECF No. 117). Plaintiffs then submitted a sur-reply on September 19, 2024. (ECF No. 120).

### III. JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because there is minimal diversity of citizenship and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Specifically, Plaintiffs Jane Parkin and David Hughes are citizens of the United Kingdom. (Compl., ECF No. 1 at ¶¶ 4–5). Defendants are both Delaware corporations with their principal place of business in New Jersey. (*Id.* at ¶¶ 7–8). Additionally, Plaintiffs bring this action as a putative class action, asserting claims on behalf of a nationwide class of renters who allegedly purchased supplemental liability insurance from Defendants under similar terms. (*Id.* at ¶¶ 23–24). Accordingly, jurisdiction over the subject matter of this action is conferred by 28 U.S.C. § 1332(d).

### IV. LEGAL STANDARD

#### A. Motion to Compel Arbitration

Arbitration provisions are commonplace in consumer contracts and involve the waiver of a party's right to have their claims and defenses litigated in court. *See, e.g.*, *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 309 (N.J. 2014). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, requires that courts "place arbitration agreements on an equal footing with other

4

contracts and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). The FAA strongly favors the enforcement of arbitration agreements. *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020).

The Third Circuit has adopted a two-step test for assessing motions to compel arbitration. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). To grant a motion under this framework, a court must determine that: (1) a valid agreement to arbitrate exists; and (2) the dispute falls within the agreement's scope. *Id.* If a court finds that there is an arbitrable dispute, the court must stay the proceeding, rather than dismissing the case. *Smith v. Spizzirri*, 601 U.S. 472 (2024). In some cases, a court must consider whether the parties agreed to arbitrate using the traditional Rule 12(b)(6) standard without discovery, but in others, it must use the Rule 56 summary judgment standard after some limited discovery. *See, e.g., Matczak v. Compass Grp. USA, Inc.*, No. 21-20415, 2022 WL 557880, at *1–3 (D.N.J. Feb. 24, 2022). To determine which standard is appropriate, the Third Circuit has articulated the following framework:

> [W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citations and quotations omitted). This bifurcated standard is the result of an intent to balance the competing purposes of the FAA, which aims to foster "efficient and speedy dispute resolution" while upholding the "significant role courts play in interpreting the validity and scope of contract provisions." *Id.* at 773 (citations omitted). Ultimately, "[t]he centerpiece of that framework is

5

whether the existence of a valid agreement to arbitrate is apparent from the face of the complaint or incorporated documents." *Singh v. Uber Techs, Inc.*, 939 F.3d 210, 218 (3d Cir. 2019) (citing *Guidotti*, 716 F.3d at 776).

Applying the *Guidotti* standard here, the appropriate legal framework is Rule 56 because the Parties dispute whether the Arbitration Provision from the rental jacket was validly incorporated into the Rental Agreement and whether Plaintiffs had knowledge of its terms before signing.[1] (Pls.' Opp., ECF No. 114 at 24–27; Defs.' Reply, ECF No. 117 at 6–8). Because these issues require consideration of evidence beyond the pleadings, including deposition testimony and discovery materials, the Court must apply the summary judgment standard under Rule 56, rather than Rule 12(b)(6). *See Bacon v. Avis Budget Grp., Inc.*, 357 F. Supp. 3d 401, 413–14 (D.N.J. 2018); FED. R. CIV. P. 12(d).

### B. Motion for Summary Judgment

When considering a motion to compel arbitration under the Rule 56 standard, a court may grant summary judgment when a case presents "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists only when there is sufficient evidence for a reasonable jury to find for the non-moving party. *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 346 (quoting *Anderson*, 477 U.S. at 255).

---

[1] Moreover, Defendants do not include any arguments advocating for the application of a different standard.

The moving party bears the burden of establishing that no genuine issue of material fact remains. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 252). The non-moving party, however, must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

## V.  DISCUSSION

The central dispute in the instant Motion is whether Plaintiffs entered into an agreement to arbitrate and, if so, whether Defendants waived their right to enforce it by litigating in federal court for over seventeen months before filing their Motion to Compel Arbitration. (Pls.' Opp., ECF No. 114 at 18–24; Defs.' Reply, ECF No. 117 at 12–15). For the reasons set forth below, the Court finds that Defendants have waived their rights. Therefore, the Motion to Compel Arbitration is denied.

In *Morgan v. Sundance, Inc.*, the Supreme Court clarified the standard for waiver, stating that courts must focus on whether the party seeking to arbitrate "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right," regardless of prejudice. 596 U.S. 411 (2022) (citation omitted). Courts must assess waiver based on "the actions of the p[arty] who held the right and [are] informed by the circumstances and context of each case." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339 (3d Cir. 2023). Applying this standard and Third Circuit precedent, the Court finds that by engaging in substantive litigation before filing the instant Motion to Compel Arbitration, Defendants' actions evinced a preference for litigation over arbitration.

Specifically, despite being aware of the Arbitration Provision from the outset, Defendants actively litigated for over seventeen months before filing their Motion to Compel Arbitration. While they eventually asserted arbitration as an affirmative defense and referenced it in the Joint Discovery Plan, these steps came only after they had already pursued a motion to dismiss on the merits—and lost. At no point in their motion to dismiss did Defendants invoke their rights to compel arbitration. Instead, they litigated the case fully, seeking dismissal based on substantive legal arguments. Only after the Court denied that motion did Defendants assert arbitration as one of thirty-one affirmative defenses in their answer. Even then, they did not immediately move to compel arbitration. Instead, they participated in extensive pretrial litigation, including multiple discovery conferences, negotiating an ESI protocol and confidentiality order, and engaging in written discovery and depositions.[2] Although the Joint Discovery Plan referenced arbitration, Defendants' delay and continued participation in pretrial litigation, including motion practice and procedural negotiations, nevertheless demonstrates that they had elected to resolve this dispute in court. It was only after significant litigation had already occurred—and when it became clear that they would not be able to obtain an early dismissal—that Defendants pivoted to arbitration. Under these circumstances, Defendants' conduct is inconsistent with a genuine intent to arbitrate, supporting a finding of waiver.

This result is also compelled by Third Circuit precedent. In *White*, the Third Circuit found that, despite asserting arbitration as an affirmative defense, the defendant had nevertheless waived their right to arbitration because they litigated the case for an extended period before attempting to compel arbitration. 61 F.4th at 340–341; *see also* Answer at 56, *White v. Mills*, No. 17-01775,

---

[2] Despite Defendants' arguments that discovery was needed so that Defendants could obtain proof of an agreement to arbitrate, (Defs.' Mot., ECF No. 108-1 at 20), Defendants did not seek to bifurcate or otherwise limit discovery.

(D.N.J. Apr. 12, 2023), ECF No. 210. While one distinguishing procedural fact in that case is that the defendant did not identify arbitration as an issue in the joint discovery plan, the Third Circuit's reasoning remains applicable and supports a finding of waiver. Specifically, the court explained that "[a]lthough motions to dismiss will not always evince an intent to litigate instead of arbitrate, [defendant] clearly sought to have this case dismissed by a court on the merits. Only after it was apparent that further litigation would be required, and it could not get the case fully dismissed before discovery, did [defendant] attempt to arbitrate the remaining claim." *Id.* at 340.

The same is true here. Defendants initially moved to dismiss this case on the merits without raising arbitration and only invoked arbitration after their motion was denied. Then, Defendants litigated extensively before ultimately invoking arbitration. This conduct is inconsistent with a genuine intent to arbitrate and supports a finding of waiver. *See also Tucker v. Concrete*, No. 22-01026, 2024 WL 1485992, at *13 (D.N.J. Apr. 5, 2024) (finding waiver where defendant litigated for eighteen months without seeking arbitration and failed to assert arbitration as an alternative in its motion to dismiss); *Laguna v. Chester Hous. Auth.*, 662 F. Supp. 3d 545, 547–548 (E.D. Pa. 2023) (finding waiver where the defendant engaged in litigation for months, actively participated in pretrial proceedings and discovery, and filed motion to dismiss on the merits); *J. Ambrogi Food Distrib. v. Teamsters Loc. Union No. 929*, 705 F. Supp. 3d 406, 415 (E.D. Pa. 2023) (same); *Coronel v. Bank of Am., N.A.*, No. 19-08492, 2022 WL 3443985, at *5 (D.N.J. 2022) (finding waiver where defendant was aware of arbitration rights but engaged in case management, discovery conferences, and motion practice before belatedly moving to compel arbitration).

Additionally, Defendants' only attempt to distinguish these cases is that there was "no question" in those cases as to whether agreements to arbitrate existed. (Defs.' Reply, ECF No. 117 at 13). However, this argument is without merit because the Third Circuit in *White* stated that

waiver applies if a defendant is on notice that a plaintiff's claims "could be arbitrable," not just when an agreement's existence is undisputed. 61 F.4th at 340. Here, Defendants knew from the outset that their Rental Agreements included arbitration clauses and that Plaintiffs' claims could potentially be subject to arbitration. While Defendants argue that "Plaintiffs' Complaint failed to identify the alleged 'contract' between the parties or [its] terms," (Defs.' Reply, ECF No. 117 at 12), this argument is unconvincing because, as far as the record shows, there is only one contract between Plaintiffs and Defendants—the Rental Agreements—which Defendants themselves identified and produced in informal discovery on March 13, 2023.[3] (Pls.' Opp., ECF No. 114 at 9). Defendants' attempt to justify their delay by claiming they required discovery to confirm an agreement's existence is undermined by the fact that they possessed and produced the relevant contracts well before filing their Motion to Compel Arbitration.

Finally, Defendants cite *Hejamadi v. Midland Funding, LLC* to support the argument that engaging in discovery as to contract formation does not waive the right to arbitrate. No. 18-13203, 2024 WL 3159316, at *6 (D.N.J. June 25, 2024). However, this case is clearly distinguishable. In *Hejamadi*, the defendant moved to compel arbitration, and the plaintiffs argued that discovery was necessary to determine whether a valid, enforceable agreement to arbitrate existed. *Id.* at *1. The court denied the motion to compel without prejudice specifically to allow the parties to conduct limited discovery on arbitrability before revisiting the motion. *Id.* at *2. Here, Defendants only

---

[3] Defendants' justification for their delay in moving to compel arbitration is inconsistent. Initially, they argued that discovery was necessary to determine whether Plaintiffs had agreed to the arbitration provision. (Defs.' Mot., ECF No. 108-1 at 20–21). However, in their Reply, Defendants shift their position, contending instead that they required discovery to ascertain which contract Plaintiffs were relying on for their claims. (Defs.' Reply, ECF No. 117 at 12–13). Regardless of the justification, the Court nevertheless finds that waiver is appropriate given Defendants' filing of a merits-based motion to dismiss without invoking arbitration and subsequent engagement in all aspects of litigation.

pursued discovery on arbitrability after litigating other substantive issues for over seventeen months. Unlike in *Hejamadi*, where the defendant promptly moved to compel arbitration and sought discovery solely to confirm the existence of an agreement, Defendants here first moved to dismiss on the merits, fully participated in discovery and pretrial proceedings, and only turned to arbitration once it became clear they would have to proceed with litigation. This timeline demonstrates a strategic shift rather than a genuine attempt to determine arbitrability early in the case. As such, Defendants' reliance on *Hejamadi* is misplaced and does little to combat the wealth of case law supporting a finding of waiver.

Therefore, because Defendants' first sought dismissal on the merits without invoking arbitration and then actively participated in litigation for seventeen months, the Court finds that Defendants have waived their right to compel arbitration. Because waiver provides a clear and independent basis for denial, the Court need not reach Plaintiffs' alternative arguments. *See White*, 61 F.4th at 339 ("For purposes of resolving this case, we need only address one of the tools at the parties' disposal—waiver."). Therefore, the Court declines to address whether the Arbitration Provision was validly incorporated, whether the small claims exception applies, or whether equitable estoppel precludes Plaintiffs from avoiding arbitration, as those issues are rendered moot by Defendants' waiver.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration, (ECF No. 108), is **DENIED**. An appropriate Order accompanies this Opinion.

*Christine A. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**