UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**JANE PARKIN** *et al*,

        Plaintiffs,

  v.

**AVIS RENT A CAR SYSTEM LLC** *et al*,

        Defendants.

No. 22-cv-05481

**ORDER**

---

**THIS MATTER** having come before the Court by way of Plaintiffs' March 12, 2025 letter, (ECF No. 126), requesting that the Court certify as frivolous Defendants' appeal from the Court's February 13, 2025 Opinion and Order, denying Defendants' motion to compel arbitration. (ECF Nos. 121, 122); and

**WHEREAS,** Defendants submitted a response on March 18, 2025 opposing Plaintiffs' request and asserting that their appeal is not frivolous. (ECF No. 127); and

**WHEREAS,** the Supreme Court has held that the filing of an interlocutory appeal from the denial of a motion to compel arbitration under the Federal Arbitration Act ordinarily divests the district court of jurisdiction over the matter and automatically stays proceedings in the district court. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741–42 (2023); and

**WHEREAS,** the Third Circuit has adopted the majority rule that such an appeal does not divest the district court of jurisdiction where the appeal is frivolous or forfeited, *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007), and therefore, a district court may

retain jurisdiction if it affirmatively certifies that the appeal is frivolous. *Kirleis v. Dickie, McCamey & Chicolte, PC*, No. 06-1495, 2007 WL 3023950, at *2 (W.D. Pa. Oct. 12, 2007); and

**WHEREAS,** the standard for frivolousness is an objective one: an appeal is frivolous if it lacks "colorable support," *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993), and the inquiry focuses on "the merits of the appeal regardless of good or bad faith." *Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250, 253 (3d Cir. 1990) (citation omitted); and

**WHEREAS,** although the Court maintains that the correct result was reached in its February 13, 2025 ruling, Defendants' appeal is not "wholly without merit" nor so insubstantial as to warrant a certification of frivolousness.[1] *Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir. 1991) (citation omitted); therefore

**IT IS** on this 9th day of April, 2025,

**ORDERED** that Plaintiffs' request for a certification that the appeal is frivolous, (ECF No. 126), is **DENIED.** All deadlines remain **STAYED** pending appeal.

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[1] Additionally, the Court notes that Plaintiffs remain free to "ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous." *Coinbase*, 599 U.S. at 745.